IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **MARYAM HAGUE**, *et al.*, | ) |
| | ) |
|         **Petitioners**, | ) |
| **v.** | )    **Civil Action No. 1:20-000389** |
| | ) |
| **WARDEN REHERMAN**, *et al.*, | ) |
| | ) |
|         **Respondents.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 8, 2020, Petitioner Hauge, acting *pro se*, filed a Complaint/Motion requesting release to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (Document No. 1.) Petitioner Hague indicated that she was filing the instant action on behalf of herself and as a representative for the following Petitioners: (1) Myra Brothers; (2) Shaneka Green; (3) Patricia Hawes; (4) Malissa Holden; (5) Michelle Holt; (6) Shirita James; (7) Sheila Lewis; (8) Traci McKelvey; (9) Nilda Morton; (10) Lavonne Roach; (11) Tracey Smith-Kilpatrick; (12) Wanda Solomon; (13) Paris Taylor; and (14) Silver Buckman. (Id.) As Respondents, Petitioner Hague named the following: (1) Warden Reherman; (2) Ms. Baldwin; (3) Mr. Snuffer; and (4) Federal Bureau of Prisons. (Id.) In her Complaint/Motion, Petitioner Hague first complained that she and the other named Petitioners were improperly denied release to home confinement under the CARES Act. (Document No. 1.) Petitioner Hague argued that Respondents are improperly interpreting the CARES Act. (Document No. 1-1.) Second, Petitioner Hague contended that Respondents are violating her and the other named Petitioners' Eighth Amendment rights. (Document No. 1-2.) Petitioner Hague contended that Respondents were acting with deliberate indifference to her and the other named Petitioners' safety by failing to take appropriate

steps to protect inmates from contracting the coronavirus. (Id.) Finally, Petitioner Hague asserted a conspiracy claim pursuant to 42 U.S.C. § 1985. (Document No. 1-3.) Petitioner Hague claimed that Respondents were conspiring to deny her and the other named Petitioners release to home confinement. (Id.) As relief, Petitioner Hague requested "release to home confinement pursuant to the CARES Act." (Document No. 1-4.)

Based upon a review of the foregoing, the undersigned determined that it was unclear as to whether Petitioner Hague was wishing to pursue (1) a Bivens claim for alleged violations of her constitutional rights[1], (2) a Section 2241 Petition for Writ of *Habeas Corpus*, or (3) both. By "Order and Notice" entered on June 11, 2020, the undersigned ordered Petitioner Hague "to notify the Court whether she is asserting a claim under the Bivens, Section 2241, or both by filing the appropriate form(s)." (Document No. 18.) The undersigned further notified Petitioner Hague that it was improper for her to attempt to litigate a class action before this Court when it appears that she is not an attorney. (Id.) Therefore, the undersigned notified Petitioner Hague that if she wished to proceed with a Section 2241 or Bivens claim, she should file the appropriate forms and amend her Complaint/Petition to exclude the other named Plaintiffs/Petitioners. (Id.) To the extent the other named Plaintiffs/Petitioners wished to proceed with a Section 2241 or Bivens action, Plaintiffs/Petitioners were directed to file the appropriate forms. (Id.)

On June 18, 2020, Petitioner Hague filed a "Motion to Amend the Complaint From a 1983 Civil Action to a 2241 Class Action." (Document No. 22.) In the above Motion, Petitioner Hague clarified that all Plaintiffs/Petitioners want to pursue a *habeas* action pursuant to Section 2241. (Id.) Petitioner Hague indicated that all Plaintiffs/Petitioners are requesting release to home

---

[1] A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. Although Plaintiff Hague cites Section 1983, Plaintiff is clearly asserting a claim against federal, not state, actors.

2

confinement based upon the "CARES Act". (Id.) Next, Petitioner Hague stated that she "was making no attempt to represent the Petitioners." (Id.) Petitioner Hague claimed that "each individual is *pro se* in this class action" and "Petitioners seek for the Complaint to be Amended to a 2241 Class Action." (Id.) By Order entered on June 24, 2020, the undersigned granted in part and denied in part Petitioner's Hague's "Motion to Amend the Complaint From a 1983 Civil Action to a 2241 Class Action." (Document No. 24.) To the extent Petitioner Hague requested that the above action be converted into a Section 2241 action, the undersigned granted Petitioner Hague's Motion. (Id.) To the extent Petitioner Hague requested that the above action be treated as a 2241 Class Action, the undersigned denied the Motion. (Id.) Specifically, the Court stated as follows:

> As the undersigned explained in his "Order and Notice" (Document No. 18), it is well recognized that an individual may **not** proceed *pro se* on behalf of a class of plaintiffs/petitioners. Each individual Plaintiff/Petitioner, acting *pro se*, may file her ***separate and individual*** Section 2241 action. To the extent Plaintiffs/Petitioners (Plaintiffs/Petitioners Hague, Brothers, Green, Hawes, Holden, Holt, James, Lewis, Morton, Roach, Smith-Kilpatrick, Solomon, Taylor, and Buckman,[2] and McCarson) wish to proceed with a Section 2241 action, each of these individuals should file a ***separate and individual*** (1) Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241, **and** (2) either pay the $5.00 filing fee, or submit the appropriate Application to Proceed *in Forma Pauperis* with the Certificate portion completed and Authorization to Release Institutional Account Information.

(Id.)

On June 29, 2020, Petitioner Hague filed a "Motion to Certify Class Action and Appoint Counsel." (Document No. 26.) The Court noted that it had now explained to Petitioner Hague on

---

[2] The docket sheet reveals that Silver Buckman paid $150 towards her filing fee. To the extent she pursues only a Section 2241 action, Ms. Buckman will receive a refund of the overpayment. To the extent she pursues a *Bivens* action, Ms. Buckman will receive a credit towards the $400 filing fee.

at least two occasions that Petitioners may not proceed *pro se* with a class action (Document Nos. 18 and 24). By Order entered on July 29, 2020, the undersigned denied Petitioner Hague's Motion to Certify Class Action for the same reasons set forth in the Court's Orders entered on June 11, 2020 and June 24, 2020. (Document No. 28.) Additionally, the undersigned directed as follows:

> The undersigned will give Petitioners one final chance to comply with the Court's instructions set forth in the Orders entered on June 11, 2020 and June 24, 2020. (Document Nos. 18 and 24.) To the extent Petitioners wish to seek relief pursuant to Section 2241, Petitioner are **DIRECTED** to comply with the instructions set forth the Court's Order entered on June 24, 2020 (Document No. 24). The undersigned **GRANTS** Petitioners an extension of time under **August 31, 2020**, to comply with the instructions set forth the Court's Order entered on June 24, 2020. Finally, Petitioners are **NOTIFIED** that failure to comply with the instructions set forth the Court's Order entered on June 24, 2020 (Document No. 24) by **August 31, 2020** will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.) The undersigned further denied Petitioner Hague's Motion to Appoint Counsel. (Id.)

Despite the foregoing, Petitioners have again failed to follow this Court's instructions or otherwise responded to the Court's Order that was entered approximately two months ago. Accordingly, the undersigned has determined that Petitioners have failed to take any steps to prosecute this action, and therefore, the above action should be dismissed.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*.[2] See

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Petitioners as the Respondents have not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2) (2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and

---

dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Petitioners have not complied with the Court's multiple Orders directing each to amend their Section 2241 Petition. (Document Nos. 18, 24 and 26). Petitioners, therefore, are the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Petitioners have a history of "deliberately proceeding in a dilatory fashion" or that the Respondents have been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioners that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioners would be unjust in view of Petitioners' *pro se* status. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioners' failure to respond to the undersigned's multiple orders advising Petitioners that the undersigned would recommend dismissal if Petitioners failed to amend their Section 2241 Petition (Document Nos. 18, 24, 26). In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Petitioners are able to show good cause for their failure to prosecute.

**PROPOSAL AND RECOMMENDATION**

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's § 2241 Applications (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David

A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 1, 2020.



Omar J. Aboulhosn
United States Magistrate Judge